# United States Court of Appeals
## For the First Circuit

_____

No. 23-2041

NICHOLAS J. PEPPER,

Plaintiff - Appellant,

v.

BROWN UNIVERSITY; SHEILA COLEMAN, in her individual/official capacity as Director of Human Resources,

Defendants - Appellees.
_____

Before

Gelpí, Kayatta, and Rikelman,
Circuit Judges.
_____

**JUDGMENT**

Entered: September 12, 2025

    Pro se plaintiff-appellant Nicholas J. Pepper ("appellant") appeals from the district court's disposition of the underlying civil case. After a careful review of the record, the submissions of the parties, and the reasoning provided by the district court, we affirm the challenged rulings, substantially for the reasons set forth in the detailed and thorough Memorandum and Order entered November 2, 2023, by the district court. See Local Rule 27.0(c); see also Estate of Bennett v. Wainwright, 548 F.3d 155, 165 (1st Cir. 2008) (summary judgment standard of review and general principles); Melanson v. Browning-Ferris Indus., Inc., 281 F.3d 272, 276 (1st Cir. 2002) (explaining that party opposing summary judgment must "affirmatively point to specific facts that demonstrate the existence of an authentic dispute") (internal quotation marks omitted).

    We agree with the district court that appellant failed to identify record evidence sufficient to demonstrate the existence of a genuine issue of material fact as to multiple required elements of his claims under the Americans with Disabilities Act, the Rehabilitation Act, and Rhode Island law, including, but not limited to, whether appellant had a qualifying "disability," that is, a condition that caused a "substantial limitation of a major life activity," Wright v. CompUSA Inc., 352 F.3d 472, 477 (1st Cir. 2003); whether "the alleged hostile conduct was directed at [him] because of a characteristic protected by a federal anti-discrimination statute," Rios-Jimenez v. Principi, 520 F.3d 31, 44 (1st Cir. 2008) (internal quotation marks omitted); and whether, for

purposes of his retaliation claim, there was a causal connection between alleged protected conduct and alleged adverse actions, see Benoit v. Tech. Mfg. Corp., 331 F.3d 166, 175 (1st Cir. 2003). We have considered each of the arguments appellant develops in his brief, but none of those arguments compels us to reach a different conclusion.

      The rulings and judgment of the district court are affirmed in all respects. See Loc. R. 27.0(c). Any remaining pending motions, to the extent not mooted by the foregoing, are denied.

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Nicholas J. Pepper
Mitchell R. Edwards
John M. Wilusz